UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY JO WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United

States Attorney for the Middle District of Pennsylvania and the above-captioned

defendant.  Any reference to the United States or to the Government in this

Agreement shall mean the Office of the United States Attorney for the Middle

District of Pennsylvania.

The defendant and counsel for both parties agree that the United States

Sentencing Commission Guidelines which took effect on November 1, 1987, as

amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will

apply to the offense or offenses to which the defendant is pleading guilty.

1. Waiver of Indictment/Plea of Guilty.  The defendant agrees to waive

indictment by a grand jury and plead guilty to a felony information which will be

filed against the defendant by the United States Attorney for the Middle District of

Pennsylvania.  That information will charge the defendant with a violation of Title

18, United States Code, Section 1344, bank fraud. The maximum penalty for that

offense is imprisonment for a period of 30 years, a fine of $1,000,000, a maximum

term of supervised release of up to 5 years, to be determined by the court, which

shall be served at the conclusion of and in addition to any term of imprisonment,

the costs of prosecution, denial of certain federal benefits as well as an assessment

in the amount of $100. At the time the guilty plea is entered, the defendant shall

admit to the Court that the defendant is, in fact, guilty of the offense charged in the

information. The defendant further agrees that any legal and factual issues

relating to the application of the Federal Sentencing Guidelines to the defendant's

conduct, including facts that support any specific offense characteristic or other

enhancement or adjustment and the appropriate sentence within the statutory

maximums provided for by law, will be determined by the court after briefing, or a

pre-sentence hearing, or at a sentencing hearing. The defendant agrees, however,

that the United States may at its sole election reinstate any dismissed counts or

seek additional charges in the event that the charge(s) to which the defendant has

pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or

invalidated by the district court or a ruling of an appellate court. The defendant

further agrees to waive any defenses to reinstatement of these charges or

additional charges based upon, laches, the assertion of speedy trial rights, any

applicable statute of limitations or any other ground.

2. <u>Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>Maximum Sentence</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 30 years in prison and/or fines totaling $1,000,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

4. <u>Fine</u>. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania.

4

This check should be made payable to "Clerk, United States District Court".

Counsel for the defendant shall provide a copy of the special assessment check or

a Clerk's receipt to the United States Attorney's Office for the Middle District of

Pennsylvania at the time of sentencing certifying compliance with this provision

of the plea agreement. If the defendant intentionally fails to make this payment,

pays with an insufficient funds check, or otherwise fails to comply with any of the

requirements of the United States Attorney's Office's Financial Litigation Unit

regarding the special assessment, it is understood that this failure may be treated as

a breach of this plea agreement and may result in further prosecution or the filing

of additional criminal charges, or a contempt citation.

     8. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of

financial obligations to be imposed in connection with this case, defendant agrees

fully to disclose all assets in which defendant has an interest or over which

defendant has control, directly or indirectly, including those held by a spouse,

nominee, or other third party.  The defendant agrees, as a part of this agreement, to

submit to interviews by the United States Attorney's Office's Financial Litigation

Unit regarding the defendant's financial status and will promptly submit a

completed financial statement to the United State's Attorney's Office as directed.

Defendant agrees that the financial statement shall be complete, accurate, and

truthful. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court.  Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

   9. No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of

those offenses.

10. <u>Acceptance of Responsibility–Three Levels</u>.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, and if the defendant's offense level under the United States Sentencing Commission Guidelines is at least 16, then the United States Attorney's Office  hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  If the defendant can adequately demonstrate this acceptance of responsibility to the government, and if the defendant's offense level under the United States Sentencing Commission Guidelines is less than 16, then the United States Attorney's Office  hereby moves at sentencing that the defendant receive a two-level reduction in the defendant's

offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

11. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. <u>Specific Sentencing Guidelines Recommendations</u>. With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

> (a) each party reserves the right to make whatever arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines.

The parties agree that a sentence within this range of the Sentencing Guidelines is a reasonable sentence under the facts and circumstances of this case. The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing

8

Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

13.  Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.   The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

e.   The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house or similar facility.

g.   The defendant be placed under house detention.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14. <u>Mandatory Restitution Act</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program to collect the full amount of restitution owed to the victim(s) in a timely fashion. While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of this restitution. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture in the amount of the

11

victim restitution owed in this case, and the Court may enter, both a restitution

order and a forfeiture judgment in the amount of any unpaid restitution found due

and owing by the Court at the time of sentencing in this matter. The defendant

consents to the filing of any civil complaint or superseding information which may

be necessary to perfect a forfeiture order and  further stipulates and agrees that the

defendant's guilty plea constitutes an admission to all matters legal and factual

necessary for entry of a forfeiture order in this case . The parties agree that any

restitution payments obtained by the United States or the victim will be applied by

the United States to reduce both the restitution obligation in this case and the

amount of the outstanding forfeiture order entered by the Court. The parties

further agree that the Government will recommend that any assets recovered

through forfeiture proceedings will be remitted to crime victims to reduce the

defendant's restitution obligation in this case. The defendant acknowledges that

the making of any payments does not preclude the Government from using other

assets or income of the defendant to satisfy the restitution obligations.

15. Background Information for Probation Office.  The defendant also

understands that the United States will provide to the United States Probation

Office all information in its possession which the United States deems relevant

regarding the defendant's background, character, cooperation, if any, and

involvement in this or other offenses.

16. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that

pursuant to the United States District Court for the Middle District of

Pennsylvania "Policy for Guideline Sentencing" both the United States and

defendant must communicate to the probation officer within fourteen (14) days

after disclosure of the pre-sentence report any objections they may have as to

material information, sentencing classifications, sentencing guideline ranges and

policy statements contained on or omitted from the report.  The defendant agrees

to meet with the United States at least five (5) days prior to sentencing in a good

faith attempt to resolve any substantive differences.  If any issues remain

unresolved, they shall be communicated to the probation officer for his inclusion

on an addendum to the pre-sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the court after briefing, or a pre-sentence

hearing, or at the sentencing hearing where the standard of proof will be a

preponderance of the evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court

may consider any reliable evidence, including hearsay.  Objections by the

defendant to the pre-sentence report or the Court's rulings, will not be grounds for

withdrawal of a plea of guilty.

17. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a. The right to be reasonably protected from the accused.

b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

d. The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and

recommendations given to the attorney for the Government may be

different than those presented by the United States as a consequence

of this agreement.

    f.    The right to full and timely restitution as provided for by law.  The

attorney for the Government is required to "fully advocate the rights

of victims on the issue of restitution unless such advocacy would

unduly prolong or complicate the sentencing proceeding," and the

Court is authorized to order restitution by the defendant including,

but not limited to, restitution for property loss, economic loss,

personal injury, or death.

    g.    The right to proceedings free from unreasonable delay.

    h.    The right to be treated with fairness and with respect for the victim's

dignity and privacy.

18.  <u>Relevant Sentencing Information</u>.  At the sentencing, the United States

will be permitted to bring to the Court's attention, and the Court will be permitted

to consider, all relevant information with respect to the defendant's background,

character and conduct including the conduct that is the subject of the charges

which the United States has agreed to dismiss, and the nature and extent of the

defendant's cooperation, if any.  The United States will be entitled to bring to the

Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

19. <u>Maximum Sentence</u>. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 30 years, a fine of $1,000,000, a maximum term of supervised release of up to5 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

20. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

21. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an

16

appropriate proceeding at which any disclosures and documents provided by the

defendant shall be admissible and at which the United States shall be required to

establish any breach by a preponderance of the evidence.  In order to establish any

breach by the defendant, the United States is entitled to rely on statements and

evidence given by the defendant during the cooperation phase of this agreement, if

any.

22.  Remedies for Breach.  The defendant and the United States agree that in

the event the Court concludes that the defendant has breached the agreement:

a.  The defendant will not be permitted to withdraw any guilty plea

tendered under this agreement and agrees not to petition for

withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the

Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the

cooperation phase, if any, will be admissible at any trials or

sentencings;

d.  The United States will be free to bring any other charges it has

against the defendant, including any charges originally brought

against the defendant or which may have been under investigation at

the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

23. <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement, if any. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation, if any, could be used against the defendant in any such prosecution.

24. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising

18

out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

25. <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

26. <u>Collection Action by IRS</u>.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

27. <u>Deportation</u>.  The defendant understands that, if she is not a United States citizen, deportation is a possible consequence of her plea.

28. <u>Non-Limitation on Government's Response</u>.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement

in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

29. Agreement Not Binding on Other Agencies. Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting

plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

30. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

32. <u>Waiver Allowing Admission of Plea Discussions and Cooperation</u>. In the event that the defendant does not plead guilty, the plea is not accepted by the court, or the plea is withdrawn, the defendant hereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence and that any statements, interviews, or testimony given by the defendant as part of any efforts to cooperate with the government , including any "proffer" or "off-the-record" statements made by the defendant made in connection with negotiations resulting in this plea agreement will be admissible against the defendant without limitation in any civil or criminal proceeding.

33. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., August 30, 2011, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

34. <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_8/17/11_

Date

_Kimberly Jo Williams_
Kimberly Jo Williams
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_8/17/11_

Date

_Leo Latella_
Leo Latella, Esq.
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY
by

_12/6/11_

Date

_William S. Houser_
William S. Houser
Assistant United States Attorney

*Revised  1/25/2011*

23