# FEDERAL PUBLIC DEFENDER
MIDDLE DISTRICT OF PENNSYLVANIA
116 NORTH WASHINGTON AVENUE, SUITE 2C
SCRANTON, PENNSYLVANIA 18503-1800

*FEDERAL PUBLIC DEFENDER*
JAMES V. WADE

*FIRST ASSISTANT*
*FEDERAL PUBLIC DEFENDER*
MELINDA C. GHILARDI

(570) 343-6285
FAX (570) 343-6225

*ASSISTANT FEDERAL PUBLIC DEFENDERS*
LEO A. LATELLA
INGRID S. CRONIN
HERVERY B.O. YOUNG

April 19, 2012

Honorable A. Richard Caputo
United States District Judge
Filed via ECF

       Re: **USA v. Kimberly Jo Williams**
          **3:11-CR-346**

Dear Judge Caputo:

  Please accept this letter in lieu of a formal sentencing memorandum on behalf of Kimberly Jo Williams who is scheduled to appear before you for sentencing on April 24, 2012. Your Honor is well aware of the sentencing standards set forth in 18 U.S.C. § 3553 and your broad discretion to impose a sentence that you deem to be "reasonable" under the circumstances, *see United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (en banc) ("...if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."), therefore, an unnecessary repetition of legal standards will be avoided. Rather, the Defendant will emphasize two factors in this case that she respectfully maintains support her request for leniency, *viz.*, the circumstances that led to the offense and her extraordinary family responsibilities.

  *A. Nature of the Offense*

  The details of the offense have been fully and accurately set forth in the Presentence Report. (PSR ¶¶ 4-17). In short, from about January, 2009, through July, 2011, Williams acquired checks from closed accounts and used those checks to fraudulently obtain money from several financial institutions, purchase groceries, pay her rent and repay a loan. Although she used altered names in the

**Honorable A. Richard Caputo**
**April 19, 2012**
**Page 2**

process, her scheme was remarkably unsophisticated.  She walked into banks knowing that her every movement was being recorded and she handed fake checks to people who knew her well.  Williams clearly knew that she would be caught, especially because she has been convicted for the same conduct on seven prior occasions and spent several years in state prison for writing bad checks.  At first blush, Williams appears to be an unrepentant fraudster, however, an examination of her criminal history reveals a pattern of irrational behavior that is the product of unaddressed mental and emotional impairments.  Williams has acknowledged as much in her letter to the Court when she stated that she knows the end result of her conduct is jail but she does it anyway.  Williams has been receiving counseling at the Lackawanna County Prison where she is gaining insight into her behavioral issues as well as her substance abuse.  Kimberly Williams is an intelligent person who loves her children.  She does not want to continue her pattern of repeated incarcerations.  She acknowledges that she has a problem and has a sincere desire to seek the appropriate help to come to understand and address the emotional issues that lead to her self-defeating behaviors.

   B.   *Extraordinary Family Responsibilities*

Despite her actions, Kimberly Williams loves her children and wants to be a proper mother to them.  The strength of their bond is evident by the fact that her children have stuck with her throughout all of her legal problems and history of incarcerations.   It breaks her heart that her contact with her children is now at the visiting room at the Lackawanna County Prison.  Perhaps the most significant punishment that Williams has undergone is the knowledge that her actions have harmed her children, who themselves are emotionally fragile.  In her letter to the Court, Williams indicates that her children are experiencing problems with truancy from school and drugs.  She hopes to try to rebuild her fragile family knowing that she will have to seek professional help not only for her children but for herself.

**Honorable A. Richard Caputo**
**April 19, 2012**
**Page 3**

  C. *Sentencing Request*

  The advisory guidelines in this case call from a sentence of between 18 and 24 months of imprisonment. While prison time will certainly punish Williams for her conduct, it is clear from her history that imprisonment alone is insufficient to change her behavior. She is in serious need of a mental health evaluation and treatment, along with substance abuse counseling. Williams has been in custody since July 14, 2011. She has served her time at the Lackawanna County Prison without incident and has taken full advantage of the services offered there to help understand and address her problems. She respectfully requests that the Court grant a modest variance and impose a sentence of time-served followed by a period of home confinement. Williams would like to be given the opportunity to demonstrate that with intensive supervision which includes the requirement that she remain in therapy, refrain from the use of alcohol and drugs and maintain full time employment, she could change her behavior.

         Respectfully,

         s/ Leo A. Latella

         **Leo A. Latella**
         **Assistant Federal Public Defender**


cc: William S. Houser, Assistant United States Attorney (via ECF)
   Kimberly Jo Williams (via First Class Mail)